UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEMETRIUS ANTONIO ALLEN,

    Petitioner,

v.                                  Case No. 8:18-cv-2909-T-02AAS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Mr. Allen, a Florida inmate, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). Respondent moves to dismiss the petition as time-barred (Dkt. 8), and Mr. Allen opposes the motion (Dkt. 9). Upon consideration, the motion to dismiss will be granted.

### Procedural Background

On May 12, 2015, Mr. Allen pleaded no contest to burglary of a dwelling and aggravated assault with a deadly weapon. Dkt. 8-2 at 12-14. He was sentenced that same day to 15 years in prison on the burglary conviction, and to a concurrent term of 5 years on the aggravated assault conviction. *Id.* at 16-26.

On May 29, 2015, he filed a motion for reconsideration of his sentence. *Id.* at 39-40. The motion was denied on June 11, 2015. *Id.* at 42-43.

On June 5, 2016, Mr. Allen filed a Petition Seeking Belated Appeal of his convictions and sentences. *Id.* at 45-50. The petition was denied on August 30, 2016. *Id.* at 52.

On May 23, 2017, Mr. Allen filed a motion for post-conviction relief pursuant to Florida Rules of Criminal Procedure, Rule 3.850. *Id.* at 54-72. The motion was dismissed on June 26, 2017, and Mr. Allen filed another Rule 3.850 motion on July 12, 2017. *Id.* at 79, 82-92. That motion was denied on May 16, 2018. *Id.* at 94-102. The denial of the motion was affirmed on

appeal on September 11, 2018. *Id.* at 253. Mr. Allen's Motion for Rehearing and Request for a Written Opinion was denied on October 11, 2018. *Id.* at 255-58, 261. The appellate court mandate issued on October 30, 2018. *Id.* at 263. Mr. Allen filed his federal habeas petition in this court on November 26, 2018. Dkt. 1.

## Discussion

Respondent moves to dismiss the petition as time-barred under 28 U.S.C. §2244(d), arguing that more than one year passed after Mr. Allen's judgment became final.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one year statute of limitations in which a state prisoner may file a federal habeas petition. 28 U.S.C. § 2244(d)(1); *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). The limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

In state court, Mr. Allen did not pursue a timely notice of appeal of his May 12, 2015 convictions or sentences. Accordingly, his judgment of conviction became final on June 11, 2015, at the expiration of the time for seeking direct review. *See McGee v. State*, 684 So. 2d 241 (Fla. 2d DCA 1996) (treating judgment and sentence upon entry of plea as final when time for appeal expired); *Gust v. State*, 535 So.2d 642 (Fla. 1st DCA 1988) (holding that when a defendant does not appeal his conviction or sentence, the judgment and sentence become final when the 30-day time period for filing an appeal expires).[1]

---

[1] Mr. Allen's Rule 3.800(c) motion would have tolled the AEDPA's limitations period, but only to June 11, 2015, when the state trial court disposed of the motion. *See Chamblee v. Fla.*, 905 F.3d 1192, 1198 (11th Cir. 2018) (citing *Rogers v. Sec'y, Dep't of Corr.*, 855 F.3d 1274, 1277 (11th Cir. 2017) (holding that "a Rule 3.800(c) motion is an application for collateral review, which tolls the limitations period for a federal habeas petition")).

Three hundred fifty-eight days (358) elapsed before Mr. Allen filed his petition for a belated appeal of his convictions and sentences on June 5, 2016. The petition, which was denied, did not toll the AEDPA's limitations period because it is not an "application for State post-conviction or other collateral review with respect to the pertinent judgment" for purposes of 28 U.S.C. § 2244(d)(2). *See Espinosa v. Sec'y, Dep't of Corr.*, 804 F.3d 1137 (11th Cir. 2015). Accordingly, the AEDPA's limitations period expired seven days later on June 13, 2016.[2] And none of Mr. Allen's subsequently filed post-conviction motions tolled the AEDPA's limitations period because it expired before he filed those motions. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("[Rule 3.850 motion] filed after expiration of the limitations period[,] does not relate back so as to toll idle periods preceding the filing of the federal [habeas] petition"); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (holding that where a Rule 3.850 motion is filed after the expiration of the federal limitations period, it does not toll the period under § 2244(d)(2) because no period remains to be tolled). Accordingly, his petition is time-barred unless he can demonstrate the applicability of equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010).

Mr. Allen contends that he is entitled to equitable tolling of the limitations period. Dkt. 9. Section 2244(d) "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)); *Arthur v. Allen*, 452 F.3d 1234, 1252 (11th Cir. 2006) (noting that petitioner must show both extraordinary circumstances and diligence). Equitable tolling applies, however, only in truly extraordinary circumstances, *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002), and where the litigant satisfies his burden of showing that he has been

---

[2]June 12, 2016, fell on a Sunday.

pursuing his rights diligently and that some extraordinary circumstance "stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. at 649 (internal quotation marks omitted).

Mr. Allen has not satisfied his burden of showing circumstances justifying equitable tolling. He makes no showing of extraordinary circumstances which prevented him from filing a timely federal habeas petition.

He first contends that he is "unskilled and untrained in law," unfamiliar with state and federal procedures, and needs assistance from prison law clerks. Dkt. 9 at 1. Ignorance of the law, however, is not an "extraordinary circumstance" that warrants equitable tolling. *See Jackson v. Astrue*, 506 F.3d 1349, 1356 (11th Cir.2007) ("[T]this Court has defined "extraordinary circumstances' narrowly, and ignorance of the law does not, on its own, satisfy the constricted 'extraordinary circumstances' test."); *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000) (ignorance of the law is not a basis for equitable tolling of statute of limitations). And even if it was, Mr. Allen's multiple *pro se* post-conviction filings in state court demonstrate that he was capable of filing a timely application for federal habeas relief.

Mr. Allen also asserts that he has limited access to the prison law library and legal materials. *Id.* at 1-2. He does not, however, specify how the alleged limited access prevented him from filing a timely habeas petition in this court. Moreover, limited access to a law library and legal papers generally is not considered an "extraordinary circumstances" warranting equitable tolling *See Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) (unpublished) (holding lack of access to law library and legal papers for as much as ten months of one-year limitation period was not shown to be extraordinary and Plaintiff failed to allege how lack of access thwarted his efforts to file a timely petition); *Akins v. United States*, 204 F.3d 1086, 1089–90 (11th Cir.2000) (holding restricted access to law library did not qualify as an extraordinary circumstance warranting equitable tolling).

Accordingly, Mr. Allen's petition for a writ of habeas corpus (Dkt. 1) is **DISMISSED** as time-barred. The Clerk shall enter judgment against Mr. Allen and close this case.

## Certificate of Appealability Denied

A petitioner does not have absolute entitlement to appeal the denial of his habeas petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. *Id.* A certificate of appealability will issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, a petitioner must demonstrate that reasonable jurists would find this court's assessment of the constitutional claims debatable or wrong, *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quotation omitted), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where, as here, claims have been rejected on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Webster v. Moore*, 199 F.3d 1256, 1257 n.2 (11th Cir. 2000) (holding dismissal of habeas petition as time-barred is procedural). Mr. Allen cannot make that showing. And since he is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** in Tampa, Florida, on September 19, 2019.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

SA: sfc
Copies to: Demetrius Antonio Allen *pro se*; Counsel of Record